UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SHALLENBURG and DEBORAH SHALLENBURG,

        Plaintiffs,

v.                       Case No. 8:16-cv-810-T-33JSS

PNC BANK, N.A.,

        Defendant.
_____/

### ORDER

This cause comes before the Court pursuant to Defendant PNC Bank, N.A.'s Motion to Strike Plaintiffs' Demand for Jury Trial (Doc. # 13), which was filed on May 16, 2016. The Motion fails to comply with Local Rule 3.01(g), M.D. Fla., which states in pertinent part:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties

> have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

Local Rule 3.01(g), M.D. Fla.

This Court expects the parties that come before it to comply with the Local Rules of the Middle District of Florida. As stated in Kindred Rehab Services, Inc. v. Florida Convalescent Centers, Inc., 3:06-cv-218-J-33MCR, 2007 U.S. Dist. LEXIS 42064, *2 (M.D. Fla. June 11, 2007): "The importance of the Local Rules cannot be overstated.  All counsel are expected to be familiar with and comply with all applicable rules of this Court.  The purpose of Local Rule 3.01(g) 'is to require the parties to communicate and resolve certain types of disputes without court intervention.'" Id. (citing Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996)).

This Court denies without prejudice PNC Bank's Motion due to PNC Bank's failure to comply with Local Rule 3.01(g), M.D. Fla.  PNC Bank may file an amended motion in compliance with the Local Rules of the Middle District of Florida, particularly Local Rule 3.01(g), M.D. Fla., if the circumstances so warrant.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

PNC Bank, N.A.'s Motion to Strike Plaintiffs' Demand for Jury Trial (Doc. # 13) is **DENIED WITHOUT PREJUDICE** for failure to comply with Local Rule 3.01(g).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of May, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE