```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

MICHAEL SHALLENBURG
and DEBORAH SHALLENBURG,

    Plaintiffs,

v.                                  Case No. 8:16-cv-810-T-33JSS

PNC BANK, N.A.,

    Defendant.

_____/

**ORDER**

This matter comes before the Court on review of Defendant PNC Bank N.A.'s Amended Motion to Strike Plaintiffs' Demand for Jury Trial filed May 16, 2016. (Doc. # 15). Plaintiffs Deborah and Michael Shallenburg filed their Response on June 7, 2016. (Doc. # 18). PNC Bank filed its Reply on June 20, 2016. (Doc. # 21). For the reasons set forth below, PNC Bank's Motion is denied.

**I. Background**

On May 6, 2005, the Shallenburgs entered into a Mortgage with Gulf & Southern Mortgage Corp. (Doc. # 15 at 7). The Shallenburgs allege that between November of 2014, and January of 2016, PNC Bank placed at least 94 phone calls to them seeking to collect money owed under the Mortgage. (Doc.

1 at ¶ 225). While PNC Bank is not a party to the Mortgage, (Doc. # 18 at 3), the Shallenburgs allege PNC Bank is a creditor under Florida Statutes § 559.55(5)(2016), (Doc. # 1 at ¶ 6).

The Shallenburgs filed their Complaint against PNC Bank alleging PNC Bank violated Sections 559.72(7) and 559.72(18) of the Florida Consumer Collection Practices Act, and the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A). The Shallenburgs request "a trial by jury on all issues triable by right." (Id. at 1). PNC Bank moves the Court to strike the jury demand, arguing the Shallenburgs waived their right to jury trial by signing the Mortgage. The Mortgage contains a waiver that states: "Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. # 15 at 20). The Shallenburgs argue (1) PNC Bank may not invoke the jury trial waiver because it is not a party to the mortgage and, alternatively, (2) their claims fall outside the scope of the waiver. (Doc. # 18 at 3, 5).

## II. Discussion

### A. Legal Standard

"The Seventh Amendment provides '[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.'" Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990)(quoting U.S. Const. amend. VII). A party may waive its right to a jury trial if the waiver is knowing and voluntary. Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 Fed. Appx. 820, 823 (11th Cir. 2006). However, because of the historical importance of this right, "any seeming curtailment . . . should be scrutinized with the utmost care." Chauffers, 494 U.S. at 565 (internal citations omitted). Furthermore, "because the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver." Burns v. Lawther, 53 F.3d 1237, 40 (11th Cir. 1995)(per curiam)(internal quotations omitted).

### B. Standing to Invoke Jury Trial Waiver

The Shallenburgs argue the jury trial waiver contained in the Mortgage applies only to disputes between the Mortgagors, the Shallenburgs, and the Mortgagee, Gulf & Southern Mortgage. (Doc. # 18 at 3). As PNC Bank "has not put forth any evidence in support of its standing to enforce said

3

mortgage" and "is not a party to the mortgage," the Shallenburgs argue PNC Bank lacks standing to enforce the jury trial waiver contained in the Mortgage. (Id.)

The Shallenburgs rely primarily on three cases from the Southern District of Florida in asserting PNC Bank lacks standing to invoke the jury trial waiver. Williams, one of the three cases relied on, lays the groundwork for the Shallenburgs' arguments. In Williams, the defendant is a loan servicer seeking to collect a debt owed under a mortgage between the plaintiffs and the lender. Williams v. Wells Fargo Bank., No. 11-21233-CIV, 2011 WL 4901346, at *13 (S.D. Fla. Oct. 14, 2011). The loan servicer filed a motion to strike plaintiffs' demand for a jury trial, arguing the plaintiffs waived their right to jury trial by signing a mortgage containing a jury trial waiver. Id. The court denied the loan servicer's motion, stating the jury trial waiver in the mortgage "was part of a contractual relationship" and therefore could not be invoked by the non-party loan servicer. Id. (citing Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1166 (9th Cir. 1996) ("[A] jury waiver is a contractual right and generally may not be invoked by one who is not a party to the contract"); Hulsey v. West, 966 F.2d 579, 581 (10th Cir. 1992)("[A] jury waiver provision in a

4

contract affects only the rights of the parties to that contract.")).

Two other cases the Shallenburgs discuss applied this theory. In both cases, the Southern District of Florida denied defendant loan servicer's motions to strike jury demands because the loan servicer was not a party to the mortgage, and therefor lacked standing to invoke the waiver. See Omega v. Deutsche Bank Tr. Co. Ams., 920 F. Supp. 2d 1298, 1300 (S.D. Fla. 2013); Hamid v. Owcwen Loan Servicing, LLC, No. 13-62821-CIV, 2014 WL 766659, at *1 (S.D. Fla. 2014, Feb. 26, 2014).

In reply to the Motion to Strike, PNC Bank relies on five cases from the Middle District of Florida granting non-party loan servicers' motion to strike a demand for jury trial. Levinson v. Green Tree Servicing, LLC, No. 8:14-cv-2120-EAK-TGW, 2015 WL 1912276, at *1 (M.D. Fla. Apr. 27, 2015); Deutsche Bank Nat'l Tr. Co. v. Foxx, 971 F. Supp. 2d 1106, 1106 (M.D. Fla. 2013); Ferraro v. Wells Fargo N.A., No.2-13-cv-632-FtM-38DNF, 2013 WL 5357109, at *1 (M.D. Fla. Sept. 24, 2013); Correa v. BAC Home Loans Servicing LP, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *1 (M.D. Fla. Apr. 9, 2012); Paschette v. Wells Fargo Bank, N.A., No. 6:11-

cv-442-Orl-31-GJK, 2011 WL 2470314, at *1 (M.D. Fla. June 21, 2011).

However, none of these cases squarely confront the issue of whether non-parties have standing to invoke jury trial waivers contained within a mortgage. Rather, these cases addressed whether the waivers were entered into knowingly and voluntarily and whether the claims were related to the mortgage. These cases are, therefore, of little benefit to PNC Bank in arguing they have standing to invoke the jury trial waiver within the Shallenburgs' Mortgage.

PNC Bank argues that even if it lacks standing to invoke the waiver as a loan servicer, it has standing in its capacity as a creditor. (Doc. # 21 at 2). While the Complaint does allege PNC Bank is a creditor (Doc. # 1 at ¶ 6), PNC Bank does not allege any facts or supply any documentation affirming this assertion. Additionally, PNC Bank offers no legal support for its conclusion that creditors are entitled to invoke a jury waiver. Given the historical importance of the right to jury trial, and the general policy of "indulg[ing] every reasonable presumption against waiver," the Court finds PNC Bank has failed to meet its burden in showing the Shallenburgs' demand for jury trial should be stricken. Burns, 53 F.3d at 1240 (internal quotations

6

omitted). See also Kahama VI, LLC v. HJH, LLC, No. 8:11-cv-2029-T-30TBM, 2014 U.S. Dist. LEXIS 27391, at *4 (M.D. Fla. Mar. 4, 2014)("Case law does not allow a non-signatory to enforce a jury trial waiver against a signatory.").

As PNC Bank has failed to show it has standing to invoke the jury trial waiver contained in the Mortgage, the Court need not reach the issue of whether the Shallenburgs' claims against PNC Bank fall within the scope of the jury trial waiver.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

PNC Bank's Amended Motion to Strike Plaintiffs' Demand for Jury Trial (Doc. # 15) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE